[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants were the owners of the premises known as 210 Maple Street, Cheshire, Connecticut, on March 5, 1989. At that time, the premises were leased to the United States Postal Service under the terms of a written lease. On that date, the plaintiff alleges she was injured when she fell on said premises due to ice and snow thereon.
The defendants filed a motion for summary judgment on October 16, 1992. The Connecticut Practice Book 379 (rev'd. October 1, 1992) provides that "any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial." This case was claimed for trial on December 21, 1990. Therefore, the motion for summary judgment could possibly be denied based on defendants' failure to seek the court's permission before filing this motion. However, the court will decide the motion on its merits and not on that technicality.
In paragraph 7, of the lease between the defendants and the U.S. Post Office, it provided that the lessor shall "maintain the demised premises, including the building or any and all equipment, fixtures, and appurtenances, whether severable or non-severable, CT Page 298 furnished by the Lessor under the lease in good repair and tenantable condition, except in case of damage arising from the act or the negligence of the Government's agents or employees. For the purpose of so maintaining said premises and property, the Lessor may at reasonable times enter and inspect the same and make any necessary repairs thereto."
There is a question of fact of who had control over the premises (i.e. a duty) to remove ice from the parking lot. The defendants' motion does contain an affidavit of William Kerin, one of the defendants, stating that the parking lot and speed bumps were under the control of the Post Office, and that this included snow and ice removal. However, this may be in contradiction of the contract and the defendants have not provided an affidavit from anyone in authority at the U.S. Postal Service to say that it (U.S. Postal Service) was responsible for snow and ice removal from the parking lot. Therefore, there is in the court's opinion, a question of fact as to control of the premises.
As to the issue of when the duty to remove the ice arose, it seems clear that a landlord does not have a duty to remove snow or ice during a storm and may await a reasonable time thereafter before removing the ice and snow. Kraus v. Newton, 214 Conn. 191,198 (1989). However, this does not prevent "submission to the jury, on a proper evidentiary foundation, of the factual determinations of whether a storm has ended or whether plaintiff's injury has resulted from new ice or old ice when the effects of separate storms begin to converge." Id. In the defendants' exhibit H, they provide the monthly climatological summary produced by the National Oceanic and Atmospheric Administration (NOAA). On March 5, 1989, the date of plaintiff's fall, it shows that there was .02 inches of water accumulation on that day, and a high temperature of 41 degrees, a low temperature of 30 degrees, and an average of 36 degrees. On March 4, 1989, there was .03 inches of water, a high temperature of 39 degrees, a low temperature of 31 degrees, and an average of 35 degrees. If the water and temperature on March 5, 1989 was enough to produce ice in the parking lot, then it is possible that this ice was produced on the preceding day, in which there was more water accumulated and a lower average temperature. Therefore, there is in the court's opinion also a question of fact as to when the dangerous condition was produced.
For the above reasons, the defendants' motion for summary judgment is denied and the plaintiff's objection thereto is granted. CT Page 299
WILLIAM J. SULLIVAN, J.